LYONS, Justice
(concurring in the result).
We are presented here with a question of first impression: Whether we will tolerate the entry by a trial court of an order prepared by the prevailing party when it is evident from the face of the order that the trial court could not have carefully read the proposed order before entering it. I consider this to be a question of first impression because my research does not, thankfully, disclose a previous similar circumstance.
In Dobyne v. State, 805 So.2d 733, 742 (Ala.Crim.App.2000), relied upon by the Court of Criminal Appeals for the proposition that the “clearly erroneous” standard of review applies to orders proposed by one of the parties and adopted by the trial court, the court stated:
“Moreover, as previously noted, the circuit judge who presided over this Rule 32[, Ala. R.Crim. P.,] proceeding also presided over Dobyne’s trial; the *1126 circuit judge was thoroughly familiar with the case. After reviewing the record in this case, we find that the circuit court’s order denying Dobyne’s postcon-viction relief represents the circuit court’s independent judgment and its considered conclusions. Therefore, we conclude that the circuit court did not commit reversible error by adopting the order drafted by the state.”
(Emphasis added.) Dobyne does not deal with a proposed order that inaccurately describes the trial judge’s role in the former proceeding.
The evidence before us of the trial judge’s failure to read the proposed order in this proceeding is conclusive. The order recites facts the trial judge would have had to know were incorrect — that he presided over the trial and had personal knowledge of the performance of counsel, when he did not. Under the circumstances, we have irrefutable evidence that the findings contained in the order are not those of the court, thereby distinguishing Dobyne. The answer to the above-stated question of first impression we address today must be a resounding “No!”